**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **ROBERT L. SCROGGINS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No.  06-2128 |
| **CITY OF KANKAKEE, a municipal** ) | |
| **corporation; DAVID A. SKELLY, Lt.,** ) | |
| **AVERY IVEY, TIMOTHY KREISSLER,** ) | |
| **in their official and individual capacities,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

On August 24, 2006, Defendants filed Defendants' Motion to Dismiss (#7).  Plaintiff did not file a response.  Accordingly, pursuant to CDIL-LR 7.1(B)(2), the undersigned presumes there is  no opposition.

Plaintiff labeled Count I, "(42 U.S.C. Section 1983 – Deprivation of Liberty, Unreasonable Seizure, Freedom of Association)."  In summary form, Plaintiff alleges that he was wrongfully arrested and the victim of unnecessary and excessive force.  Furthermore, in Paragraph 27, Plaintiff included the following allegation:

> The matters complained of above occurred as punishment and retaliation for his being the son of Robert Scroggins, Sr., thereby depriving Plaintiff of and punishing him for the exercise of his right to freedom of intimate association as guaranteed by the First and Fourteenth Amendment to the U.S. Constitution.

(Def.'s Mot. to Dis. #7, p. 5.)  No further information regarding this aspect of the claim is provided.

In their motion, Defendants seek dismissal of that portion of Count I containing First and/or Fourteenth Amendment claims.  The Court has carefully considered the arguments articulated in the memorandum in support of the motion to dismiss and agrees that as to the portion of Count I being challenged, Plaintiff's complaint is infirm.  The Court recognizes that in a notice-pleading environment, every fact and detail need not be alleged.

Defendants assert that the state law assault and battery claims in Count III must be dismissed because they are untimely. The Court agrees that the one-year statute of limitations of 745 ILCS 10/8-101 applies. Plaintiff failed to file his suit within one year of the occurrence complained of.

Accordingly, the undersigned recommends pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that Defendants' Motion to Dismiss **(#7)** be **GRANTED**. Because it is conceivable that the dismissed claims of Count I could be amended to state a claim, the recommendation is for dismissal without prejudice. Plaintiff should be given fourteen (14) days in which to file an amended complaint. The dismissal of Count III should be with prejudice.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 20th day of September, 2006.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE